IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LAHAN and
MARY ANN LAHAN,

    Plaintiffs,

v.                                    Civil Action No. 5:07CV34
                                                  (STAMP)
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND VENUE**

I.  Procedural History

The above-styled civil action arises out of an automobile accident involving the plaintiffs' 2005 Pontiac Vibe. The plaintiffs filed a complaint[1] and amended complaint in the Circuit Court of Ohio County, West Virginia against their automobile insurance company, Nationwide Mutual Fire Insurance Company ("Nationwide"), alleging that they are entitled to certain uninsured/underinsured motorists benefits under their policy with Nationwide. Nationwide removed the cause of action to this Court

---

[1] The tortfeasor, Richard Stasiowski, who was named as a defendant in the original complaint, has been released from liability pursuant to a settlement with his insurer and per the consent of defendant Nationwide. Accordingly, Mr. Stasiowski is no longer a defendant in this action.

based on diversity of citizenship and subsequently filed a motion to dismiss for lack of personal jurisdiction and venue.[2]

## II. Facts

On October 28, 2004, the plaintiffs, Joseph and Mary Ann Lahan, were involved in an automobile accident on the westbound entrance ramp to Interstate 70 near Murtland Avenue in South Strabane Township, Washington County, Pennsylvania. The plaintiffs allege that as a result of the negligence of Richard Stasiowski, a citizen of Pennsylvania and the driver of the vehicle that rear-ended their 2005 Pontiac Vibe, the plaintiffs have each suffered lasting neck and back injuries. Defendant Nationwide is the plaintiffs' underinsured motorists carrier. The plaintiffs filed the instant action seeking uninsured/underinsured motorists benefits under their policy with Nationwide. The plaintiffs assert that presently, and at the time of the accident, they are and were citizens of Wheeling, West Virginia. The defendant asserts that, at all relevant times, the plaintiffs were citizens of Palm Bay, Florida, while Nationwide has its principal place of business in Columbus Ohio.

---

[2]Although Nationwide styles its motion as one for dismissal for lack of personal jurisdiction and venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), in the body of its motion Nationwide requests a transfer of venue pursuant to 28 U.S.C. § 1404(a) rather than dismissal for improper venue.

2

III. <u>Discussion</u>

A. <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>

When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving the existence of a grounds for jurisdiction by a preponderance of the evidence. <u>Owens-Illinois, Inc. v. Rapid Am. Corp.</u> (<u>In re The Celotex Corp.</u>), 124 F.3d 619, 628 (4th Cir. 1997) (citing <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir. 1989)). In considering a challenge based on the pleadings, "'the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" <u>Id.</u> (quoting <u>Combs</u>, 886 F.2d at 676).

Defendant Nationwide contends that this Court lacks personal jurisdiction over it in this case because the plaintiffs' cause of action does not "arise from" Nationwide's business activities in West Virginia. Nationwide argues that because its insurance policy with the plaintiffs was entered into in Florida and because the automobile accident that is the basis for this personal injury action occurred in Pennsylvania, personal jurisdiction does not exist in this Court. The defendant's argument is without merit. Although Nationwide accurately states the law as to specific

3

personal jurisdiction, it overlooks the availability of general personal jurisdiction.

A state court, or a federal court sitting in diversity jurisdiction, may render an enforceable personal judgment against a non-resident defendant only if the court's exercise of power does not offend due process. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005)(federal courts exercise personal jurisdiction in the matter provided by state law). A court's exercise of personal jurisdiction over a non-resident defendant comports with due process where either (1) the controversy "arises out of" a defendant's contacts with the forum state (known as "specific jurisdiction"); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); or (2) the controversy does not "arise out of" a defendant's contacts with the forum state but the defendant has "continuous and systematic" contacts with the forum state (known as "general jurisdiction"); Helicopteros Nacionales de Colombia, 466 U.S. at 415 n.9. The "threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction." ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997).

In this case, the defendant contends that specific jurisdiction does not exist because the present lawsuit does not

"arise out of" Nationwide's contacts in West Virginia. It is unnecessary to reach this question however, because this Court finds that general personal jurisdiction over Nationwide exists in this case.[3] The hallmark of general jurisdiction is that the defendant's contacts must be so extensive that he should reasonably foresee being haled into court in the forum state. World-Wide Volkswagen Corp., 444 U.S. at 297.

After reviewing the facts set forth in the pleadings concerning Nationwide's business in West Virginia, this Court concludes that Nationwide's West Virginia business is "sufficiently substantial and of such a nature" as to justify the exercise of general jurisdiction. See Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 447 (1952). This Court finds that the following facts are persuasive in that regard: (1) Nationwide is licensed to conduct the business of insurance in West Virginia, (2) Nationwide admits that it does regular business in West Virginia by writing

---

[3] West Virginia has authorized its courts to exercise general jurisdiction over Nationwide under the facts of this case. West Virginia Code § 33-4-12 provides the necessary authority for general personal jurisdiction to the state courts. That section states that the secretary of state "shall be . . . constituted . . . the attorney-in-fact" of every licensed foreign insurer transacting insurance in West Virginia. W. Va. Code § 33-4-12. Furthermore, the secretary of state may receive and accept "all legal process in any action, suit or proceeding" against such an insurer. Id. Because Nationwide is a licensed insurer in West Virginia and because the secretary of state is authorized to accept process on behalf of Nationwide, Nationwide may be subject to general personal jurisdiction if it is shown to have sufficient substantial contacts with the State.

policies and insuring various risks in West Virginia, and (3) at least nine hundred seventy-eight (978) active Nationwide agents[4] are registered with the West Virginia Insurance Commissioner. Thus it does not offend "traditional notions of fair play and substantial justice," International Shoe Co., 326 U.S. at 316, to require Nationwide to defend this action in West Virginia. Indeed, Nationwide has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Moreover, because Nationwide maintains a "captive law firm" for the defense of claims in West Virginia, Nationwide will not suffer any unfair surprise because it is evident that Nationwide has anticipated being haled into Court in West Virginia. Accordingly, the plaintiffs have made a showing of sufficient jurisdictional basis to survive Nationwide's jurisdictional challenge.

B.  Motion to Change Venue

In the alternative to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), Nationwide requests a transfer of venue pursuant to 28 U.S.C. § 1404(a) to the Western District of

---

[4]A search of the West Virginia Offices of the Insurance Commissioner website, www.wvinsurance.gov, as of the date of this opinion, reveals one thousand forty-four (1044) active appointments by Nationwide Mutual Fire Insurance Company. Thus, the nine hundred seventy-eight (978) number provided by the plaintiffs in their response brief is a conservative estimate of the number of active Nationwide insurance agents in West Virginia.

Pennsylvania.[5] This statute provides a federal court with the discretion to transfer a case to another district in which it could have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice. . . ." 28 U.S.C. § 1404(a) (2007). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)(superceded by statute on other grounds).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993). The movant, here Nationwide, typically bears the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592

---

[5]In its motion, Nationwide identifies the Middle District of Florida as a "second possible venue" for this case, but does not explicitly request a transfer to that district. Nonetheless, even if Nationwide's motion can be construed as requesting such transfer in the alternative to a transfer to the Western District of Pennsylvania, the transfer is denied. Nationwide has failed to show that the Middle District of Florida is a more convenient forum for this case.

7

(E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

Nationwide argues that this case should be transferred to the Western District of Pennsylvania because that is where the accident occurred, the tortfeasor resides, and the plaintiffs received emergency medical treatment immediately following the accident. Nationwide also argues that Mrs. Lahan's neck surgery, which was performed in Hershey, Pennsylvania prior to the accident, supports its requested transfer. The plaintiffs respond that their case should remain in this Court because, although they maintain a Florida house, the plaintiffs are and were domiciled in Wheeling, West Virginia both at present and at the time of the accident. The plaintiffs argue that Mr. Lahan is employed in Wheeling and that both of the plaintiffs have received continuing medical treatment following the accident in or near Wheeling, West Virginia. The plaintiffs further argue that because of the transitory nature of Mr. Lahan's job as a respiratory therapist, they have on occasion treated in other states for their accident-related injuries but that they most often receive treatment in Wheeling, West Virginia and the Ohio Valley area.

This Court finds that, after considering the totality of all the factors, it is not in the interest of justice to transfer this

case. The plaintiffs elected to file this litigation within the Northern District of West Virginia and this selection should be afforded great deference. The plaintiffs live and work in Wheeling, West Virginia, as does their attorney. Much of the medical treatment received by the plaintiffs as a result of their alleged injuries from the accident has been provided by Dr. Thomas Romano who lives in Wheeling and whose office is located very nearby in Martins Ferry, Ohio. Although the plaintiffs have received treatment for their injuries in various other states, including Pennsylvania and Florida, medical records of the plaintiffs' treatment should be easily accessible regardless of where the treating physician or hospital is located. Moreover, to the extent that testimony from the tortfeasor, investigating officers and emergency medical personnel is necessary, such witnesses are located no more than approximately one and one-half hours from Wheeling. Lastly, the defendant will not be prejudiced if venue is not transferred because, as discussed above, Nationwide has a significant presence in West Virginia due to its continuous and systematic contacts with the State.

## IV. Conclusion

For the above-stated reasons, the defendant's "Motion to Dismiss for Lack of Personal Jurisdiction and Venue" is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 20, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE